PARKER v. CLAY ROBINSON & CO. et al.

(Court of Civil Appeals of Texas. El Paso. April 24, 1913.)

1. VENUE (§ 32*)—PLACE OF SUIT—DOMICILE —PERSONAL PRIVILEGE.

The right to be sued in the county of one's domicile is a personal privilege, and does not affect the jurisdiction of the court to render judgment if it has jurisdiction over the subject-matter.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. VENUE (§ 32*)—PLACE OF SUIT—SUIT IN WRONG COUNTY—OBJECTION—METHOD.

The privilege to be sued in the county of defendant's domicile cannot be raised by general demurrer, though the fact that the court has no jurisdiction over defendant's person appears on the face of the petition, but the question must be raised by a plea of privilege verified by affidavit.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

Appeal from District Court, Brewster County; A. M. Walthall, Judge.

Action by Joe Parker against Clay Robinson & Co. and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

J. D. Martin, of Alpine, for appellant. J. C. Brooke and W. Van Sickle, both of Alpine, and Capps, Cantey, Hanger & Short and David B. Trammell, all of Ft. Worth, for appellees.

HIGGINS, J. Appellant instituted this suit in the district court of Brewster county against W. F. McGaughy, a resident of Brewster county, and Clay Robinson & Co., a corporation, domiciled in Tarrant county, upon a draft drawn by McGaughy in the sum of $2,539 to the order of appellant upon Clay Robinson & Co., drawee, dated April 26, 1912. Clay Robinson & Co. filed a plea to the jurisdiction of the court over its person, claiming its privilege of being sued in the county of its residence, and, subject to such plea, filed an answer consisting of a general demurrer and certain special exceptions to the form of the plaintiff's petition, a general denial, and specially pleaded other facts in bar of the action. On September 16, 1912, an order was entered reciting that on that date the plea of privilege of Clay Robinson

& Co. came on to be considered by the court, and it appearing to the court that an issue of fact was raised by the pleadings as to the agency relation of McGaughy to Clay Robinson & Co. and of the liability of said last-named defendant, and it further appearing that the plaintiff had demanded a trial by jury upon such issues of fact, the court therefore declined to hear evidence in support of the plea of privilege, and it was therefore ordered that the plea be overruled, and the same be submitted to a jury to be thereafter impaneled in the cause to hear and determine the plea. This order is peculiar, as it first states that it overrules the plea of privilege, and follows it up immediately by ordering that the trial of the issues raised by the plea be submitted to a jury for determination. These orders are contradictory, and, considering the order in its entirety, we think the proper construction to be placed thereon is that it was merely the entry of record of the court's opinion that an issue of fact was raised which the court considered should be submitted to a jury and that he should refuse to hear evidence thereon. This is the construction of the order placed thereon by appellees, and we think it correct. Thereafter, on September 21st, the judgment was entered from which this appeal is prosecuted. This judgment recites that the general demurrer and special exceptions of Clay Robinson & Co. to plaintiff's second amended original petition came on to be heard, said Clay Robinson & Co. at the same time not waiving but insisting upon and urging its plea of privilege; that, after hearing the general demurrer and special exceptions, the court was of the opinion that the special exceptions should be overruled, but that Clay Robinson & Co.'s general demurrer as applied to plaintiff's right to sue it in Brewster county should be sustained, which general demurrer the court had considered in connection with the plea of privilege. It was further recited that the court was of the opinion that it was apparent upon the face of plaintiff's petition that same did not show any joint liability on the part of McGaughy and Clay Robinson & Co. so as to authorize the latter to be sued out of the county of its domicile, and that it did not maintain any office in Brewster county, and that none of the exceptions existed which would authorize the suit to be brought out of the county of said defendant's residence were shown by any of plaintiff's allegations in his petition. It was therefore ordered and adjudged by the court that Clay Robinson & Co.'s special exceptions be overruled, but that the general demurrer of Clay Robinson & Co. to the petition of plaintiff as applied to its right to be sued within the county of its domicile be sustained, and it was therefore ordered that the suit be transferred to Tarrant county. In this same judg-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ment a general demurrer of McGaughy was sustained and the suit dismissed as to McGaughy.

[1] The right to be sued in the county of one's domicile is a personal privilege, and does not affect the authority of the court to render judgment in the cause if it has jurisdiction over the subject-matter.

[2] In order to claim the privilege, it must be done by a plea of privilege in the form prescribed by law and verified by affidavit. It is unnecessary to cite authorities in support of this view. There are also decisions which hold that, where the petition upon its face discloses that the court has no jurisdiction over the person of the defendant, the question of venue may be raised and the right preserved by a special exception addressed to the petition. We know of no authority which permits the privilege to be claimed in any other way, and it has been expressly decided that a general demurrer to the petition is not sufficient. McKie v. Simpkins, 1 White & W. Civ. Cas. Ct. App. § 279. The petition upon its face may have affirmatively disclosed that no exception existed authorizing the suit against Clay Robinson & Co. to be filed in Brewster county, but this would not have affected the authority of the court to proceed to final judgment unless the privilege to be sued in Tarrant county was asserted by proper plea or special exception seasonably filed. A general demurrer in no wise relates to or raises that question.

For the reasons indicated, the judgment of the lower court is in all respects reversed and remanded.

McKENZIE, J., did not sit in this case.